**DILLOW, Plaintiff-Appellant, v. PHALEN et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5693. Decided November 6, 1957.

Riley & Riley, Ironton, for plaintiff-appellant.
David Clayman, Columbus, for defendants-appellees.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court treating the defendants-appellees' motion for a judgment on the pleadings as a demurrer and sustaining the same. Leave was granted to the plaintiff-appellant to file an amended petition, which she did not elect to do, so a final judgment was rendered for the defendants-appellees for costs.

The parties will be referred to hereafter as they appeared in the trial court.

The record reveals that the action was instituted by the filing of the following petition:

"The defendant, United Steel Workers of America, is an unincorporated Association commonly known as a labor organization and which is composed of district and local unions including local union number 3664 of which the plaintiff's deceased husband was a member therein.

"The defendant, John Phalen, is an individual, holding title as International representative of the United Steel Workers of America, which organization is affiliated with the Congress of Industrial Organizations. Said defendant, John Phalen, as occupying said position with the unincorporated association, was duly authorized and engaged in representing and acting for members.

"Plaintiff says further that on the 27th day of March, 1952, her husband, Charles W. Dillow, Jr., died as a result of a severe blow to his chest which was received while working for The Dayton Malleable Iron Company. Ironton, Ohio, plant. Plaintiff says that the defendant, United Steel Workers of America, by and through its agent and representative, the defendant, John Phalen, recommended to the plaintiff that she should not employ an attorney to bring a claim against the Industrial Commission of Ohio and against The Dayton Malleable Iron Company, as participant employer with the Industrial Commission of Ohio, but represented to the plaintiff that since her husband was a member of a labor union United Steel Workers of America, that the defendants would take care of her case before the Industrial Commission of Ohio and against said Dayton Malleable Iron Company and to perform the above for her without any charge or fee whatsoever.

"Plaintiff says that the defendant, United Steel Workers of America, by and through its agent, John Phalen, presented papers for the plaintiff to sign and that the plaintiff did sign the papers presented to her and she was informed that the defendants would take care of her claim; that said claim would be presented and that the defendant would secure her money for her.

"Plaintiff says that relying on the representations of the defendants, its agent and employees, the defendant delayed the plaintiff in taking action on her claim as widow of said Charles William Dillow Jr., and obtained an out-law of her said claim due to the statutes of limitations.

"Plaintiff says although she signed the papers the defendants never filed the papers for her with the Industrial Commission of Ohio as required by law. Plaintiff says by reason of the above and fore-

going she has been damaged in the sum of Ninety Five Hundred ($9500.00) Dollars.

"WHEREFORE plaintiff prays that she may be granted judgment against the defendants in the sum of Ninety Five Hundred ($9500.00) Dollars and for her costs herein."

It is our interpretation of the above that it alleges in substance a contract of employment whereby the defendants were authorized to prosecute the plaintiff's claim before the Industrial Commission of Ohio, the petition alleging that the defendants represented to her (the plaintiff) that "they would take care of her case before the Industrial Commission of Ohio and against said Dayton Malleable Iron Company and to perform the above for her without any charge or fee whatsoever"; that she was advised not to employ an attorney to prosecute her claim and that she relied upon the said representations to her damage.

The trial court was of the opinion that the petition did not allege sufficient facts to show that the defendants owed a legal duty to the plaintiff on which she had a right to rely and gave leave to amend accordingly. We get this information from a written memorandum signed by the trial judge, the entry being silent as to the ground upon which the motion was sustained.

We shall, therefore, give first consideration to the sufficiency of the petition. In order that there may be a binding contract between the parties to this action there must be a giving up of a substantial right in consideration for the alleged promise of these defendants. See **Saunders v. Galbraith, et al, 40 Oh Ap 155; Judy v. Louderman, 48 Oh St 563; Cline v. Willis, 22 Abs 340.** We are of the opinion that the plaintiff failed to properly allege that she had a lawful claim against the Industrial Commission of Ohio for the following reasons:

(1) The petition does not allege that her decedent's employer was amenable to the provisions of the Workmen's Compensation Act.

(2) It does not allege that her decedent's fatal injury arose out of and in the course of his employment.

(3) The petition contains no allegation that the injury received by the decedent was accidental in character.

It is so fundamental that each of the above allegations must be pleaded and established by the evidence before compensation to an injured employe may be allowed that authorities appear to be unnecessary. However, we shall cite only a few, to wit: **Industrial Commission v. Bankes, 127 Oh St 517; Industrial Commission v. Franken, 126 Oh St 299; Malone v. Industrial Commission, 140 Oh St 292.** Since the pleadings do not allege that the plaintiff had a lawful claim against the Commission, it may not be said that she gave up a valuable right in relying on the alleged promise of these defendants. Therefore, there was no valid contract between these parties, and the defendants owed the plaintiff no legal duty to prosecute the alleged claim before the Industrial Commission.

We are of the further opinion that the petition is also defective in that it does not state a good cause of action against the United Steel Workers of America. It alleges that the defendant, John Phalen, was

an authorized agent of the Association, but it contains no allegation that he was acting in the scope of his employment when the alleged promise was made to this plaintiff. Before the doctrine of respondeat superior can arise to attach liability to a principal for the acts of the servant or agent, there must be authority, that is, the agent must act within the scope of the same. For this added reason the petition was properly dismissed against the Steel Workers Association.

We find no error in the record and the judgment is affirmed.

PETREE, PJ, BRYANT, J, concur.